UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES GEETER, #223130,

       Petitioner,                            Civil Action No.
                                              14-CV-14534

v.

                                            HON. MARK A. GOLDSMITH

DEBRA DEVRIES,

       Respondent.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF IN FORMA PAUPERIS STATUS PURSUANT TO 28 U.S.C. § 1915(g) AND (2) REQUIRING PLAINTIFF TO PAY THE FILING FEE IN ACCORDANCE WITH 28 U.S.C. § 1914**

This matter is before the Court on Plaintiff Charles Geeter's pro se civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (Dkt. 1). Plaintiff has filed an application to proceed without prepayment of fees and affidavit (Dkt. 2). Plaintiff is a state prisoner who is currently incarcerated at the Baraga Correctional Facility in Baraga, Michigan. See Compl. at 1. Upon review of Plaintiff's case and his litigation history in the federal courts, the Court concludes that his application to proceed with prepayment of costs and fees must be denied pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." See also Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint. The Prisoner Litigation Reform Act of 1995 ("PLRA") states that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the

1

full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). See also In re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), does provide prisoners with the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See Miller v. Campbell, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner is precluded from filing civil actions in forma pauperis if, on three or more previous occasions, a federal court dismissed an action commenced by an incarcerated plaintiff because it was frivolous or malicious, or failed to state a claim for which relief may be granted. See 28 U.S.C. § 1915(g) (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999); Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (Gadola, J.). This three-strikes provision of the PLRA prohibits such a prisoner from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); see also Clemons v. Young, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003) (Lawson, J.). A federal district court may sua sponte raise the three-strikes provision of the PLRA on its own initiative. Witzke, 966 F. Supp. at 539. Moreover, the federal courts can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996); Anderson v. Sundquist, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

A search of federal court records indicates that Plaintiff has four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. See Geeter v. Cooper, et al., No. 2:12-CV-15364 (E.D. Mich. December 13, 2012); Geeter v. Rubitschun, et al., No. 2:04-CV-178 (W.D. Mich. October 18, 2004) aff'd No. 04-2367 (6th Cir. June 9, 2005); Geeter v. Bauman, et

2

al., No. 2:03-CV-187 (W.D. Mich. October 1, 2003); Geeter v. Kleinhardt, et al., No. 2:03-CV-190 (W.D. Mich. September 30, 2003).  Consequently, the PLRA bars him from proceeding in forma pauperis in the present action.  Moreover, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g).  See Mulazim v. Mich. Dep't of Corrs., 28 F. App'x 470, 472 (6th Cir. 2002).

Accordingly, Plaintiff Charles Geeter's in forma pauperis status is **DENIED**.  Plaintiff's civil rights complaint is, therefore, subject to dismissal pursuant to § 1915(g) unless Plaintiff pays the filing fee under the fee provisions of 28 U.S.C. § 1914.  Witzke, 966 F. Supp. at 540.  Plaintiff has 14 days from service of this order to pay the full filing fee as required by 28 U.SC. § 1914.  If the filing fee has not been paid at that time, the Court will dismiss Plaintiff's complaint in accordance with 28 U.S.C. § 1915(g).

Dated: January 28, 2015
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2015.

s/Johnetta M. Curry-Williams
Case Manager

3